Patrick S. Thompson (SBN 160804)
pthompson@goodwinprocter.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center
24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax.: 415.677.9041

Attorneys for non-party Twilio, Inc.,
a Delaware Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JEREMY BAUMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>V THEATER GROUP, LLC, et al.,<br><br>Defendants. | Case No. 3:15-mc-80102-JSC<br><br>**RESPONSE TO ORDER TO SHOW CAUSE WHY TWILIO, INC. SHOULD NOT BE HELD IN CONTEMPT** |

1    On March 31, 2015, the Court issued an Order to Show Cause to Twilio, Inc. ("Twilio") as
2    to why Twilio should not be held in contempt for failing to respond to a third-party subpoena.
3    Twilio did not respond to the subpoena because it did not receive it, and therefore had no
4    opportunity to interpose timely objections to an overly broad set of requests for information that
5    plaintiff should be able to obtain from the defendants in the underlying litigation.
6    On February 12, 2015, plaintiff Jeremy Bauman purported to serve a third-party subpoena
7    on Twilio, seeking the production of documents by March 16, 2015.  Twilio did not receive the
8    subpoena, so it did not respond by March 16, 2015.  *See* Affidavit of Emily DenAdel Emery in
9    Support of Response to Order to Show Cause to Twilio ("Emery Aff.") at ¶ 3.  Twilio first became
10   aware of the subpoena after receiving plaintiff's application for an order to show cause, a
11   supporting declaration and this Court's Order on March 31, 2015.  *Id.* at ¶¶ 2-3.
12   Although plaintiff's counsel contends in a supporting declaration that he "telephoned
13   Twilio multiple times and tried to reach a live person through the telephone system", he did not
14   identify any specific person, such as Twilio's legal counsel, whom he contacted regarding the
15   subpoena.  *See* Declaration of Albert H. Kirby ("Kirby Decl.") at ¶ 11.  In fact, the statements in
16   the declaration of plaintiff's counsel are inconsistent with Twilio's internal records.  After
17   receiving plaintiff's papers on March 31, Twilio reviewed its phone, fax, email and mail records
18   and found no internal record of receiving the subpoena or any messages regarding the subpoena as
19   indicated in plaintiff's papers.  Emery Aff. at ¶ 3.  Furthermore, Twilio has processed numerous
20   subpoenas in the past, but Twilio's registered agent was not served a copy of the subpoena in
21   question.  *Id.* at ¶¶ 1 -3; *see* Kirby Decl., Ex. 5.
22   "Civil contempt . . . consists of a party's disobedience to a specific and definite court order
23   by failure to take all reasonable steps within the party's power to comply."  *In Re Dual-Deck*
24   *Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  Contempt should only
25   be found where a court finds by clear and convincing evidence that a responding party has not
26   acted in good faith to comply with its obligations.  *See Vertex Distrib. Inc. v. Falcon Foam*
27   *Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982).
28   Twilio should not be held in contempt for failure to comply with a subpoena that it never

received. Nor should Twilio be found to have acted in bad faith where it was never contacted through other means to obtain compliance with plaintiff's subpoena. Plaintiff has not made a clear and convincing case for civil contempt. Thus, the Court should withdraw the Order to Show Cause.

Further, the Court should not order Twilio to produce documents responsive to the subpoena. Twilio has substantive objections to the broad categories of document requests that would require a third party to produce "'each and every document, communication and statement' related to any defendant in the litigation." Emery Aff. at ¶ 9. Producing the requested information would violate Twilio's Privacy Policy, would be burdensome and would violate the privacy rights of third-party consumers without any protective order or other protections from public disclosure. *Id.* at ¶¶ 5-8. In addition, there is a genuine question whether Twilio should be required to undertake this obligation given the information in question should be readily available from defendants. If timing is a genuine concern, Twilio submits that plaintiff should obtain responsive information from defendants, not a third-party bystander.

For the foregoing reasons, the Court hold withdraw the Order to Show Cause as to why Twilio should not be held in contempt.

Dated: April 8, 2015                                  Respectfully submitted,

By: /s/ Patrick S. Thompson
Patrick S. Thompson
**GOODWIN PROCTER LLP**
Three Embarcadero Center
24th Floor
San Francisco, California 94111
Tel.: 415.733.6000
Fax.: 415.677.9041

*Attorneys for Twilio, Inc.*

**PROOF OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 8th day of April, 2015.

A true and correct copy of the foregoing Responses to Order to Show Cause Why Twilio, Inc. Should Not Be Held In Contempt was served by email on the following:

| | |
|---|---|
| Albert H. Kirby<br>ahkirby@soundjustice.com | Counsel for Plaintiff<br>*Jeremy Bauman* |
| Candice E. Renka<br>crenka@maclaw.com<br>jrodionva@maclaw.com | Counsel for Plaintiff<br>*Jeremy Bauman* |
| Dennis L. Kennedy<br>dkennedy@baileykennedy.com | Counsel for Plaintiff<br>*Bijan Razilou* |
| Paul C. Williams<br>pwilliams@baileykennedy.com<br>smurnane@baileykennedy.com | Counsel for Plaintiff<br>*Bijan Razilou* |
| Matthew R. Mendelsohn<br>mmendelsohn@mskf.net | Counsel for Plaintiff<br>*Bijan Razilou* |
| Payam Shahian<br>pshahian@slpattorney.com<br>mdevlin@slpattorney.com | Counsel for Plaintiff<br>*Bijan Razilou* |
| Carrie Hanlon<br>Hanlon@morrissullivanlaw.com | Counsel for Defendants |
| Jeffrey Pitegoff<br>pitegoff@morrissullivanlaw.com | Counsel for Defendants |
| David O. Klein<br>dklein@kleinmoynihan.com | Counsel for Defendants |
| Sean A. Moynihan<br>smoynihan@kleinmoynihan.com | Counsel for Defendants |

                      /s/ Patrick S. Thompson
                      Patrick S. Thompson