Albert H. Kirby (SBN 204266)
*ahkirby@soundjustice.com*
**SOUND JUSTICE LAW GROUP, PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 489-3210
Facsimile: (866) 845-6302

Attorney for Plaintiff Jeremy Bauman

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| JEREMY BAUMAN, individually and on behalf of all persons similarly situated,<br><br>              Plaintiff,<br>     vs.<br><br>V THEATER GROUP, LLC; SAXE MANAGEMENT, LLC; DAVID SAXE; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>              Defendants. | Case No. 3:15-mc-80102-JSC<br><br>**REPLY TO RESPONSE TO ORDER TO SHOW CAUSE WHY TWILIO, INC. SHOULD NOT BE HELD IN CONTEMPT**<br><br>**Hearing Date:** April 16, 2015<br><br>**Hearing Time:** 9:00 a.m.<br><br>**Hearing Location:** Courtroom F, 450 Golden Gate Ave., San Francisco, California |
| BIJAN RAZILOU, individually, and on behalf of all others similarly situated,<br><br>              Plaintiff,<br>     vs,<br><br>V THEATER GROUP, LLC, et al.,<br><br>              Defendants. | Issuing Court:<br>Case No. 2:14-cv-01125-RFB-PAL (D. Nev.)<br><br>In consolidation with<br>Case No. 2:14-cv-01160-RFB-PAL (D. Nev.) |

**A.     Contempt is Justified because Twilio has not Tried to Comply with the Subpoena**

Even after Plaintiff Jeremy Bauman applied for and received the Court's order to show cause, Twilio refused to comply in any way to Plaintiffs' subpoena. *See Supplemental Affidavit of Albert H. Kirby* ("*Supp. Aff. Kirby*"), ¶ 2. Contempt is necessary for Plaintiffs to obtain documents in Twilio's possession that are highly relevant to Plaintiffs' class action complaints

REPLY TO RESPONSE TO ORDER TO SHOW CAUSE

Page 1

now being litigated in the United States District Court for the District of Nevada. *See*, *e.g.*, Doc. #2-1; Doc. #2-2; *cf. Prescott v. Cnty. of Stanislaus*, No. 1:10-CV-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) ("A civil contempt sanction is designed to force the contemnors to comply with an order of the court and thus to affect discovery."), *citing Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 207 (1999).

Twilio "must show that [it] took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible." *See Martinez v. City of Pittsburg*, No. C 11-01017 SBA LB, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012), *citing Donovan v. Mazzola,* 716 F.2d 1226, 1240 (9th Cir. 1983). However, there is no dispute that Twilio has not tried to comply with the subpoena in any way. *See*, *e.g.*, *Supp. Aff. Kirby*, ¶ 2; *cf.* Doc. #2 ¶ 10. And Twilio offers no explanation as to why compliance is impossible.

Instead, Twilio asks to be excused from complying with the subpoena because it, allegedly, did not know of the subpoena until it received Plaintiff's application for an order to show cause on March 31, 2015. But the only evidence in support of this argument is an affidavit of Twilio's Customer Operations Manager who is "familiar with Twilio's mail intake procedures" and has "reviewed Twilio's phone, fax, email and mail records." *See* Doc. #4-1, ¶ 3. This affidavit of Twilio's Customer Operations Manager is immaterial and irrelevant. Both the affidavit and Twilio's response ignore that Plaintiffs did not serve the subpoena by phone, fax, email, or mail. Rather, uncontroverted testimony establishes that the subpoena was delivered in person to Twilio's corporate headquarters on February 12, 2015 and accepted by a person authorized by Twilio to receive service of the subpoena. *See* Doc. #2-5 at 2; *cf.* Doc. #2, p. 2 ¶ 9.

Personal delivery is all that is required to perfect service of a subpoena. *See* Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person […].") Moreover, the proof of service filed by Plaintiff is all that is required to substantiate the validity of the service. *See* Doc. #2-5; *cf.* Fed. R. Civ. P. 45(b)(4) ("Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server."). Notably, the address at which the subpoena was served in person on February 12, 2015 is the

SOUND JUSTICE LAW GROUP, PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
TEL: (206) 489-3210 FAX: (866) 845-6302

1    same address at which Twilio admits to receiving notice of the subpoena by mail on March 31,
2    2015. *See* Doc. 2-5 at 2; *cf.* Doc. #1 at 6. The only genuine, admissible evidence before the Court
3    establishes that Plaintiffs personally delivered the subpoena to Twilio on February 12, 2015. *See*
4    Doc. #2-5. Twilio's failure to retain or record the subpoena after its February 12, 2015 delivery
5    is irrelevant. *See*, *e.g.*, *Martinez*, 2012 WL 699462, at *2 ("Mr. Ortiz's refusal to keep the papers
6    after they were properly served on him does not render their service invalid.").

7        Even if the ignorance of the subpoena by Twilio's Customer Operations Manager was a
8    legitimate excuse for Twilio's failing to respond, she admits to learning of the subpoena on
9    March 31, 2015. *See* Doc. #4-1 ¶ 2. Yet after March 31, 2015, Twilio made no effort to comply
10   with any of the requests made by the subpoena. *See Supp. Aff. Kirby*, ¶ 2. The Court may
11   consider this failure, too, in whether to hold Twilio in contempt until it complies with the
12   subpoena. *See Martinez*, 2012 WL 699462, at *3 ("A court may consider a history of
13   noncompliance and a failure to comply despite the pendency of a contempt motion."), *citing*
14   *Stone v. City of San Francisco,* 968 F.2d 850, 856-57 (9th Cir. 1992).

15       All Plaintiffs now seek from Twilio are the documents and materials requested for
16   production by the subpoena. No one disputes that the subpoena was delivered to Twilio both on
17   February 12, 2015 and again on March 31, 2015. And Twilio has failed to provide good cause as
18   to why it cannot comply with the subpoena now. Therefore, Plaintiff Jeremy Bauman
19   respectfully asks the Court to hold Twilio in contempt until it complies with the subpoena.

20   **B.**     **The Subpoena Seeks Information that is Highly Relevant to Plaintiffs' Claims**

21       In filing the initial application for an order to show cause, Plaintiff Jeremy Bauman
22   established how the information sought by the subpoena is highly relevant to two class action
23   complaints which seek to recover remedies under the federal Telephone Consumer Protection
24   Act ("TCPA") and Nevada law arising from unlawful transmissions of text message marketing
25   messages to Plaintiffs and numerous consumers like them. *See*, *e.g.* Doc. #2 ¶¶ 2-6; Doc. #2-1;
26   Doc. #2-2; Doc. #2-3. After Plaintiff Jeremy Bauman served the application for an order to show
27   cause, Doc. #1, Defendants served supplemental discovery responses which confirm that Twilio
28   has in its possession documents and materials that are highly relevant to Plaintiffs' claims;

SOUND JUSTICE LAW GROUP, PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
TEL: (206) 489-3210  FAX: (866) 845-6302

*Interrogatory No. 1:*

Set forth all information which relates to the identity of any person who created or sent or in any way assisted with the creation or sending of any text message on or after January 1, 2010 where such a text message mentioned or in any other way referenced you or any of your products, goods, or services. […]

*Defendants' Supplemental Answer to Interrogatory No. 1:*

[…] Rick Schaff and Alex Cote, web developer for David Saxe Productions, LLC, assisted by providing third party Twilio, Inc. with text message content and telephone numbers from some of Defendants' existing customers. Twilio facilitated the transmission of text messages using methods not precisely known to Defendants. […]

Mr. Cote and Mr. Schaff were "assisted" by several members of Twilio's sales and support team.

The text message content and telephone numbers were electronically transmitted to Twillio [sic] over the internet via one of three executable "scripts" or "programs" run on an in-house server, which sues the Coldfusion TM programming platform. When they were run, these programs applied specific criteria to pull very limited information from select, individual customer records kept within the defendants' separate electronic customer information database and then passed text message content and the individual's telephone number to Twilio's API. From there, the defendants understand that Twilio's system(s) sent messages to the customer using methods Twilio undoubtedly considers proprietary and confidential and which the defendants simply do not know. […]

[…]

**The defendants did not maintain copies or records of any transmissions to Twilio nor did defendants maintain copies of any particular text message. Twilio does maintain certain information regarding the defendants' account; however, this information is gathered and electronically maintained by Twilio, not the defendants.**

[…]

*See Supp. Aff. Kirby*, Ex. 1, pp. 4-6 (emphasis added). Thus, Defendants' discovery responses confirm that Twilio, not Defendants, possess documents sought by the subpoena that are highly relevant to Plaintiffs' class action complaints. For example, only Twilio appears to have the complete records relating to every transmission of an illegal text messages to Plaintiffs and the class of consumers like them. *See id.*

Accordingly, there can be no genuine dispute that the discovery sought by the subpoena served upon Twilio is relevant to determining whether Twilio or Defendants are responsible for sending text messages to consumers like Plaintiffs in violation of the TCPA. Moreover, the information sought by the subpoena is also relevant to issues of establishing the numerosity of the class, resolving questions concerning the ascertainability of the class, addressing whether

there are legal questions related to Twilio's involvement in the matter which are common to all class members, and whether the methods used to send text messages to Plaintiffs are typical of the means and methods used to send text messages to other class members. All of these issues are quite relevant to certifying a class with TCPA claims like those asserted here. *See*, *e.g.*, *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012) (a comprehensive treatment of relevant issues for certifying a class sent text messages in violation of the TCPA).

In the face of the overwhelming relevance and need of Plaintiffs to obtain the information sought by their subpoena, Twilio has no justification in refusing to comply.

**C.     Twilio Waived its Objections to the Subpoena, and the Objections have no Merit**

Twilio was served with the subpoena on February 12, 2015. Therefore, Twilio had until February 26, 2015 to provide written objections to the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B). Twilio offered no objections. *See* Doc. #2 ¶ 10. Therefore, Twilio waived its objections. *See* Fed. R. Civ. P. 45(d)(2)(B). Nevertheless, for the first time, Twilio offers some generalized objections in its response to the order to show cause. Even if Twilio had not waived its objections, none these general objections justify Twilio's refusal to produce the highly relevant information sought by the subpoena.

Twilio's first generalized objection is to argue that the categories of documents sought by the subpoena are broadly stated. However, the subpoena includes only seven categories of document requests that all relate directly to Twilio's facilitation of text message transmissions by Defendants in alleged violation of the federal TCPA. *See* Doc. 2-4, Ex. A, pp. 5-6; *cf. Supp. Aff. Kirby*, Ex. 1, pp. 4-6. Twilio offers no evidence to suggest that complying with this subpoena is unduly burdensome in any way, for there is no evidence that Twilio had any business dealings with the Defendants that are unrelated to the illegal text message transmissions that are at the heart of Plaintiffs' class action complaints. The undisputed relevance of the documents sought by the subpoena greatly outweighs any speculative burden that Twilio might have in complying. Therefore, Plaintiff Jeremy Bauman respectfully asks the Court to disregard this objection.

Twilio's second generalized objection is that it has a Privacy Policy which exempts it from complying with the Federal Rules of Civil Procedure. Twilio offers no authority on how a

1  corporation can unilaterally create a "Privacy Policy" which precludes its duty to comply with a

2  subpoena. Therefore, Plaintiff Jeremy Bauman respectfully asks the Court to disregard this

3  objection, too.

4      Twilio's third generalized objection is that complying would violate the privacy rights of

5  third-party consumers if production occurred without a protective order or other protections from

6  public disclosure. The merit, if any, of this objection was mooted on April 13, 2015, when the

7  United States District Court for the District of Nevada entered a protective order that sets forth a

8  protocol to protect consumer information from public disclosure. *See Supp. Aff. Kirby*, Ex. 2,

9  p. 6. The protective order protects the personal identifying information of the consumers to

10 whom Defendants and/or Twilio sent the illegal text messages. *See id*. Therefore, Plaintiff

11 Jeremy Bauman respectfully asks the Court to disregard this objection.

12     Twilio's fourth and final objection is that the information sought from it can be obtained

13 from Defendants instead. However, Defendants state otherwise. *See Supp. Aff. Kirby*, Ex. 1,

14 pp. 4-6. But even if Defendants had copies of the same documents sought from Twilio, Plaintiffs

15 would be entitled to obtain Twilio's copies of these documents to ensure that Defendants'

16 production was complete and accurate. For example, if Twilio produces documents which

17 Defendants should have produced but did not, then this would constitute evidence of possible

18 spoliation of evidence that would have otherwise gone without detection. Therefore, Plaintiff

19 Jeremy Bauman respectfully asks the Court to disregard this objection.

20     Twilio has no good cause to deny Plaintiffs the discovery sought by the subpoena. After

21 the Court issued its order to show cause, the Nevada District Court amended its scheduling order

22 to extend the class action discovery until July 31, 2015. *See Supp. Aff. Kirby*, Ex. 2, p. 6.

23 However, one of the reasons for this extension was to ensure that Plaintiffs were able to obtain

24 necessary discovery from Twilio in advance of depositions which are set to occur by May 14,

25 2015. *See id.*, p. 3 ("The parties are targeting May 12, 13, and 14 for these depositions.

26 Depositions on these dates should allow for plaintiffs to prepare for the depositions in light of

27 materials to be produced subject to the proposed protective order and as may be ordered in

28 connection with the current Order to Show Cause proceedings now pending against third-party

**SOUND JUSTICE LAW GROUP, PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103
TEL: (206) 489-3210  FAX: (866) 845-6302

1   Twilio, Inc. in San Francisco."); *cf. id.*, p. 6 (ordering these depositions to occur by May 14).

2   Thus, Twilio's prompt compliance with the subpoena remains quite important to helping

3   advance Plaintiffs' class action complaints toward resolution.

4       For these reasons, Plaintiff Jeremy Bauman respectfully asks the Court to hold Twilio in

5   contempt until Twilio complies promptly and fully with the subpoena.

6   Dated this 13th day of April 2015.

*/s/ Albert H. Kirby*
Albert H. Kirby (SBN 204266)
*ahkirby@soundjustice.com*
**SOUND JUSTICE LAW GROUP, PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 489-3210
Facsimile: (866) 845-6302

Attorney for Plaintiff Jeremy Bauman

**SOUND JUSTICE LAW GROUP, PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103
TEL: (206) 489-3210  FAX: (866) 845-6302

# CERTIFICATE OF SERVICE

I certify this document is filed through the ECF system and thereby will be sent electronically to the registered participants identified on the Notice of Electronic Filing on today's date.

I also certify that today I will serve or have already served a copy of the foregoing document upon each of the parties via email sent to counsel of record in this action at the following email addresses as permitted by Fed. R. Civ. P. 5(b)(2)(E):

| Attorney | Party Represented | Email |
|---|---|---|
| Candice E. Renka | Plaintiff Jeremy Bauman | crenka@maclaw.com<br>jrodionova@maclaw.com |
| Dennis L. Kennedy | Plaintiff Bijan Razilou | dkennedy@baileykennedy.com |
| Paul C. Williams | Plaintiff Bijan Razilou | pwilliams@baileykennedy.com<br>smurnane@baileykennedy.com |
| Matthew R. Mendelsohn | Plaintiff Bijan Razilou | mmendelsohn@mskf.net |
| Payam Shahian | Plaintiff Bijan Razilou | pshahian@slpattorney.com<br>mdevlin@slpattorney.com |
| Carrie Hanlon | Defendants | Hanlon@morrissullivanlaw.com<br>Roth@morrissullivanlaw.com |
| Jeffrey Pitegoff | Defendants | Pitegoff@morrissullivanlaw.com |
| David O. Klein | Defendants | dklein@kleinmoynihan.com |
| Sean A. Moynihan | Defendants | smoynihan@kleinmoynihan.com |

Dated this 13th day of April 2015.        */s/ Albert H. Kirby*
                                           Albert H. Kirby

SOUND JUSTICE LAW GROUP, PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
TEL: (206) 489-3210  FAX: (866) 845-6302