UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY BAUMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>V THEATER GROUP, LLC, et al.,<br><br>    Defendants. | Case No. 15-mc-80102-JSC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE TO TWILIO, INC. AND DENYING MOTION TO COMPEL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1, 3, 9 |

Now pending before the Court are a series of discovery letter briefs which follow Plaintiffs' service of a subpoena on non-party Twilio, Inc. ("Twilio") in this District. Having considered the parties' briefs and having had the benefit of oral argument on May 19, 2015, the Court hereby DENIES Plaintiffs' motion to compel further production of documents from Twilio without prejudice.

## BACKGROUND

This matter first came before the Court on Plaintiffs' Application for an Order to Show Cause Why Twilio Should Not Be Held in Contempt following its alleged non-compliance with a subpoena issued in this District which relates to proceedings in the United States District Court for the District of Nevada. *See Bauman v. V. Theater Group, LLC, et al.*, No. 14-1125 RBF-PAL (D. Nev.); *Razilou v. V. Theater Group, LLC, et al.*, No. 14-1160 RBF-PAL (D. Nev.). Plaintiffs and non-party Twilio appeared for a hearing on an Order to Show Cause on April 16, 2015 and the parties were ordered to meet and confer regarding the subpoena. Although it initially appeared that the parties had reached a compromise through their meet and confer, a discovery dispute arose regarding Twilio's production of documents and the parties filed a Joint Discovery Letter Brief. (Dkt. No. 10.)

1  The day before the scheduled hearing on this letter brief Defendants in the underlying
2 action filed a notice of appearance and a letter brief asserting that the discovery Plaintiffs seek
3 exceeds the scope of the pre-certification discovery authorized by the Nevada District Court, and
4 even if this were not the case, the information sought is likely equally available from Defendants.
5 (Dkt. No. 16.)  The Court thereafter continued the hearing and ordered Defendants to file a
6 supplementary statement confirming whether they in fact have access to the information Plaintiffs
7 seek, which Defendants did.  (Dkt. Nos. 18 & 22.)  In the interim, Plaintiffs filed a separate
8 "Counter Discovery Letter Brief" arguing that Defendants are judicially estopped from belatedly
9 objecting to the discovery sought in the Twilio subpoena.  (Dkt. No. 19.)

## DISCUSSION

Plaintiffs dispute the adequacy of Twilio's production with respect to two categories of documents: (1) all transmittal records from Defendants' accounts, and (2) Defendants' account profile information.  Twilio produced some information regarding each category, but Plaintiffs contend that the production omits certain critical information.

First, with respect to the transmission records, Twilio produced records of each calling telephone number, each number called, and the date and time of each transmittal.  Plaintiffs also seek the contents of the text messages, information regarding whether the message was sent through a cell phone carrier, and information regarding whether the message was delivered successfully.  Twilio contends that Defendants can access at least some of this information by logging into their Twilio accounts.  Although Defendants had previously represented that they were unable to obtain this information, it now appears that they are able to produce at least the contents of the text messages.[1]  (Dkt. No. 22-1.)

In determining whether the subpoena should be enforced, the Court is guided not only by

---

[1] Defendants' Supplemental Response to Interrogatory No. 1 stated that "defendants did not maintain copies or records of any transmissions to Twilio nor did the defendants maintain copies of any particular text message.  Twilio does maintain certain information regarding the defendants' account; however, this information is gathered and electronically maintained by Twilio, not the defendants.  The defendants do not know how Twilio tracks this information, and the defendants do not know whether the information maintained by Twilio is accurate, reliable, or verifiable."  (Dkt. No. 60-1 at 7:9-14.)

2

Federal Rule of Civil Procedure 45, which protects subpoenaed parties from "undue burden," but also Rule 26, which provides, inter alia, that a court may limit discovery if "the discovery sought ... is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Given Twilio' representation that it would be extremely burdensome for it to obtain and produce this information which is equally available to Defendants—parties to the underlying litigation—Plaintiffs must first attempt to obtain the discovery from Defendants. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("no reason to burden nonparties when the documents sought are in possession of the party defendant").

Second, it is unclear what precisely Plaintiffs seek in the account profile information category. To the extent that Plaintiffs seek discovery of Twilio to determine whether to name Twilio as a defendant in the underlying actions, this is an improper use of the subpoena process. If Plaintiffs seek the discovery to determine the nature of Defendants' liability, then Plaintiffs must first attempt to obtain the discovery from Defendants. Because it does not appear that Plaintiffs have done so, their request to compel additional information regarding Defendants' account profiles is likewise denied.

## CONCLUSION

As set forth above, Plaintiffs are not entitled to any additional discovery from Twilio to the extent that such information is equally available from Defendants. Accordingly, the previously issued Order to Show Cause is DISCHARGED and Plaintiffs' request to compel is DENIED without prejudice.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: May 21, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3